Michael J. Sexton CA Bar No. 153435
michael.sexton@ogletreedeakins.com
James T. Conley, CA Bar No. 224174
james.conley@ogletreedeakins.com
Christian A. Hickersberger CA Bar No. 260873
christian.hickersberger@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Suite 1500
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:     714.800.7900
Facsimile:      714.754.1298

Attorneys for Defendants THE HOME DEPOT, INC. and HOME DEPOT U.S.A., INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH J. KLEIN, EDGAR Y. PLACENTE, and THOMAS J. ARNOLD,<br><br>              Plaintiffs,<br><br>       v.<br><br>THE HOME DEPOT, INC., A DELAWARE CORPORATION; HOME DEPOT U.S.A., INC., A DELAWARE CORPORATION; AND DOES 1 THROUGH 10,<br><br>              Defendants. | Case No. TBD<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>*[Filed Concurrently Declaration of Christian A. Hickersberger; Certificate of Interested Parties (Local Rule); Corporate Disclosure Statement and Civil Case Cover Sheet]*<br><br>State Complaint Filed:  July 18, 2014<br>Trial Date:                    None |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Defendants HOME DEPOT U.S.A., INC. ("Home Depot") and THE HOME DEPOT, INC. ("THD") (collectively, "Defendants"), hereby remove the above-entitled action from the Superior Court of the State of California, County of Sonoma, to the United States District Court for the Northern District of California.  Removal jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1441(b) due to diversity of citizenship between the parties.

In support of this Notice of Removal of Civil Action, Defendant states as follows:

## I. SUMMARY OF STATE COURT ACTION.

1. On July 8, 2014, Plaintiffs Kenneth J. Klein, ("Klein") and Edgar Y. Placente ("Placente") and Thomas J. Arnold ("Arnold") (collectively, "Plaintiffs") commenced this action by filing a Complaint for Damages in the Superior Court of the State of California, County of Sonoma, entitled "KENNETH J. KLEIN, EDGAR Y. PLACENTE, and THOMAS J. ARNOLD, Plaintiffs vs. THE HOME DEPOT, INC., a Delaware corporation; HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1 through 10, Defendants," designated as Case No. SCV255794. (A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**.)

2. Defendants were sent a copy of the Summons and Complaint by mail on or about July 21, 2014, along with Notices of Acknowledgment and Receipt.  Plaintiffs also enclosed a Notice of Assignment to One Judge for All Purposes, Notice of Case Management Conference, and Order to Show Case; an Amended Notice of Assignment to One Judge for All Purposes; and a Civil Case Cover Sheet.  (True and correct copies of the Notice of Assignment to One Judge for All Purposes, Notice of Case Management Conference, and Order to Show Case; Amended Notice of Assignment to One Judge for All Purposes; and Civil Case Cover Sheet are attached collectively hereto as **Exhibit B**.)

3. On August 11, 2014, counsel for Defendants signed the Notices of Acknowledge and Receipt, thus effecting service of the Complaint and Summons on that date.   A true and correct copy of the Notices of Acknowledgment and Receipt are attached hereto as **Exhibit C**.

///

4. On September 5, 2014, Home Depot timely filed its Answer to Plaintiffs' Complaint in Sonoma County Superior Court. (A true and correct copy of Home Depot's answer is attached hereto as **Exhibit D**. A true and correct copy of THD's Answer to Plaintiff's Complaint is attached hereto as **Exhibit E.)**

5. Plaintiffs' Summons and Complaint; Notice of Assignment to One Judge for All Purposes, Notice of Case Management Conference, and Order to Show Case; Amended Notice of Assignment to One Judge for All Purposes; Civil Case Cover Sheet; and Notice and Acknowledgments of receipt constitute all the pleadings and documents served upon Home Depot in this action. Other than Home Depot and THD's answers, no documents have been filed in the state court action by Home Depot.

## II. THIS NOTICE OF REMOVAL OF CIVIL ACTION IS TIMELY AND THIS VENUE IS PROPER.

6. A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b). 28 U.S.C. § 1446(b). ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*. (1999) 526 U.S. 344, 354 (faxed file-stamped copy of complaint did not trigger removal period).

7. In California, if the summons and complaint is mailed to a corporation's registered agent for service of process or other authorized representative along with a Notice and Acknowledgment of Receipt, service is effective when the defendant or its representative signs the Acknowledgement. Cal. Code Civ. Proc., § 415.30, subd. (c); *Wagner v. City of South Pasadena*, 78 Cal.App.4th 943, 948-50 (2000).

8. This Notice of Removal of Civil Action is thus timely, as it is being filed with this Court within thirty (30) days of August 11, 2014, the date on which Home Depot, through its representative, signed the Notice and Acknowledgment accompanying the Summons and complaint. *See* 28 U.S.C. § 1446(b) (the notice of removal of a civil action shall be filed within thirty days).

9.      This Notice of Removal of Civil Action is further timely, because it is based on diversity jurisdiction and filed within one year of the commencement of this action, as required under 28 U.S.C. section 1446(b).

10.     Venue is proper in this Court, in that this is the Court for the district and division embracing the place where the action is pending in state court (Sonoma County).  28 U.S.C. § 1441(a).

## III.   INTRADISTRICT ASSIGNMENT

11.     Pursuant to Civil L.R. 3-2(c)-(d), this action shall be assigned to the San Francisco Division or the Oakland Division, as it arises in the County of Sonoma.

## IV.   REMOVAL OF THIS ACTION IS APPROPRIATE PURSUANT TO DIVERSITY JURISDICTION.

12.     This Court has original jurisdiction over this civil action under 28 U.S.C. section 1332(a), and this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. section 1441(b), because Klein, Placente and Arnold are each citizens of the State of California and Defendants Home Depot U.S.A., Inc. and The Home Depot, Inc. are entities incorporated under the laws of the State of Delaware, with their principal place of business in the State of Georgia.  Moreover, the amount in controversy for Klein, Placente and Arnold's individual claims in this action each exceed $75,000, exclusive of interest and costs.

## V.    COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES.

Complete diversity exists between the parties based on the following facts:

13.     Plaintiffs were, at the time of the filing of this action, and still are citizens of the State of California.  *See* **Exhibit A** (Complaint), ¶¶ 3-5 (Plaintiffs are long-term residents in California); *see State Farm Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (an individual's place of residence is prima facie evidence of domicile).

14.     If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

15.     The Supreme Court recently established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction.  *Hertz Corp. v. Friend,* 559 U.S. 77, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010).  The Court held that the "'principal

1  place of business' [as contained in section 1332(c)] is best read as referring to the place where a
2  corporation's officers direct, control, and coordinate the corporation's activities." 559 U.S. 77, 80.
3  The Court further clarified that the principal place of business was the place where the corporation
4  "maintains its headquarters - provided that the headquarters is the actual center of direction, control
5  and coordination." *Id.* at 92.

6      16.    Defendant The Home Depot Inc., (the parent company) was, at the time of the filing
7  of this action, and, still is, incorporated under the laws of the State of Delaware, with its principal
8  place of business is located in the State of Georgia. *See Michaelski v. The Home Depot Inc.,* 225
9  F.3d 113 (2nd Cir. 2000) (recognizing The Home Depot, Inc. is citizen of Delaware and Georgia).
10 Accordingly, The Home Depot Inc. is (and was at the time of filing of the Complaint) a citizen of
11 the States of Delaware and Georgia, but not California.

12      17.    Home Depot U.S.A., Inc. (Plaintiff's employer) is incorporated under the laws of
13 the State of Delaware, and its principal place of business is located in the State of Georgia.  Home
14 Depot U.S.A., Inc. is one of the leading retailers in the home-improvement industry and operates
15 warehouse-style stores throughout the United States.  As a national corporation that conducts
16 business in 49 of 50 states, Home Depot U.S.A., Inc.'s business activities do not substantially
17 predominate in a single state by virtue of doing more business in that state. *Arellano v. Home*
18 *Depot U.S.A., Inc*., 245 F. Supp. 2d 1102, 1107 (S.D. Cal. 2003) (denying motion to remand,
19 holding that Home Depot U.S.A., Inc. was a citizen of Delaware (state of incorporation) and
20 Georgia (principal place of business), and complete diversity of citizenship existed between it and
21 the plaintiff, a California citizen).  Accordingly, Home Depot U.S.A., Inc. does not perform a
22 "substantial predominance" of corporate operations in any single state. See *Montrose Chemical v.*
23 *American Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's
24 principal place of business is the state in which it performs a substantial predominance of its
25 corporate operations and, when no state contains a substantial predominance of the corporation's
26 business activities, then the corporation's principal place of business is the state in which the
27 corporation performs its executive and administrative functions).  Home Depot U.S.A., Inc.
28 performs the vast majority of its executive and administrative functions at its corporate

1  headquarters located in Atlanta, Georgia.  Accordingly Home Depot U.S.A., Inc. is (and was at the
2  time of filing of the Complaint) a citizen of the States of Delaware and Georgia, but not California.
3      18.   Plaintiffs' Complaint also names as defendants "DOES 1 to DOES 10."  But
4  pursuant to 28 U.S.C. section 1441(a), the citizenship of defendants sued under fictitious names
5  must be disregarded for the purpose of determining diversity jurisdiction.  *See also Newcombe v.*
6  *Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (noting that 28 U.S.C. section 1441(a)
7  explicitly provides that defendants sued under fictitious names shall be disregarded for purposes of
8  removal, and that the district court was correct in only considering the citizenship of named
9  defendants).
10     19.   Accordingly, because Plaintiffs are citizens of the State of California and
11 Defendants The Home Depot, Inc. and Home Depot U.S.A., Inc. are citizens of the States of
12 Delaware and Georgia, complete diversity of citizenship exists between the parties.

**VI.    THE AMOUNT IN CONTROVERSY FOR EACH PLAINTIFF'S INDIVIDUAL CLAIMS EXCEEDS $75,000.**

15     20.   Although Plaintiffs' Complaint does not allege a specific amount in controversy, it
16 can be ascertained that the amount in controversy for each of the Plaintiffs' separate claims against
17 Defendants do, in fact, exceed $75,000, exclusive of interest and costs.  Defendants discuss below
18 the allegations in Plaintiffs' Complaint that are the subject of this matter solely to demonstrate that
19 the amount in controversy in this matter exceeds $75,000.00.  In doing so, Defendants do not admit
20 that Plaintiffs are entitled to these damages or that Plaintiffs, or any of them, will be able to recover
21 on any theory in their Complaint.
22     21.   Defendants are only required to demonstrate that it is "more likely than not" that the
23 amount in controversy exceeds the jurisdictional limit.  *Sanchez v. Monumental Life Ins. Co.*, 95
24 F.3d 856, 863 (9th Cir. 1996).  A defendant can establish that the amount in controversy threshold
25 has been satisfied by pointing to the allegations in the complaint for underlying facts establishing
26 the jurisdictional limit.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  A defendant also
27 may rely on the Notice of Removal to establish the amount in controversy.  28 U.S.C. 1446
28 (c)(2)(A)-(B).

22. In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).

23. Plaintiff Arnold's employment was terminated in March 2013. (Complaint ¶ 3). At the time of his termination, Arnold's hourly rate was $17.55 per hour, or $3,042 per month assuming 40 hours per week. (Complaint ¶ 22). Plaintiff Placente's employment was terminated August 2013. (Complaint ¶ 4). At the time of his termination, Placente earned $20.85 per hour, or $3,614. (Complaint ¶ 30). Plaintiff Klein's employment was terminated October 3, 2013. (Complaint ¶ 5). At the time of his termination, Klein's hourly rate was $23.00, or $3,986 per month of full-time employment. (Complaint ¶ 43).

24. Based on the 2014 Judicial Caseload Profile for the Northern District of California, the median time from filing to trial in a civil case in the Northern District is 34.2 months. (*See* **Exhibit A** to Declaration of Christian A. Hickersberger). By the time this case is resolved at trial, Arnold would have incurred unmitigated lost wages (from termination to trial) in the amount of approximately $155,750. Placente would incur unmitigated lost wages from termination to trial of $166,967. Klein's total unmitigated wage loss would be approximately $176,181 for the period from his termination until trial. Moreover, each Plaintiff specifically seeks an award of front pay as part of his compensatory damages, which could alone exceed the $75,000 jurisdictional threshold for each Plaintiff. (See Prayer ¶ 1 (Complaint p. 25)).

25. Plaintiffs have also pled for the recovery of punitive damages. (*See* Complaint ¶¶ 68, 82, 90, 99, 111, and Prayer ¶ 3). "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell vs. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943); *see Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785 (9th Cir. 1963) (punitive damages are included in calculating the amount in controversy).

///

26.     Plaintiffs also allege that they have suffered humiliation and emotional distress (Complaint ¶¶ 26, 36, 47, 67, 81, 89, 98, 110; Prayer ¶ 1).  Plaintiff's potential emotional distress damages must also be considered when determining the amount in controversy.  *See Luckett v. Delta Airlines, Inc*., 171 F.3d 295, 295 (5th Cir. 1999) (plaintiff's claim for pain and suffering and humiliation properly may be factored into the jurisdictional analysis for purposes of removal); *see also Richmond v. Allstate Ins. Co*., 897 F.Supp.447, 450 (S.D. Cal. 1995) (emotional distress and punitive damages should be considered when determining the amount in controversy)

27.     Plaintiffs also seek attorneys' fees.  (See Complaint, Prayer ¶ 4).  In determining whether the amount in controversy exceeds $75,000, the Court is permitted to estimate the amount of reasonable attorneys' fees that Plaintiffs will incur through trial, if they were to prevail on each of their claims.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees may be taken into account to determine jurisdictional amounts); *also see Brady v. Mercedes-Benz USA, Inc*., 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002).  In employment cases, such as this, fee awards tend to be high.  *See Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that maintaining a discrimination case will undoubtedly require substantial effort from counsel, and that in the court's twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages).

28.     Indeed, in this case, at an assumed rate of $400 per hour, Plaintiffs' counsel would need to spend only 188 hours of attorney time prosecuting each plaintiff's claim for each plaintiff to incur $75,000 in reasonable attorneys' fees.  In fact, litigating each plaintiff's lawsuit alleging claims of discrimination and retaliation through trial, , and seeking both injunctive and declaratory relief in addition to damages, realistically requires substantially more than 188 hours of attorney time for each plaintiff.

29.     In cases such as the instant action, the amount in controversy may be satisfied by the pleading of several different types of damages in the complaint, even though the removing party does not estimate the exact dollar amount of such damages.  *See Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002) (finding that the plaintiff's alleged income loss of only $25,600 at the time of removal, included with unspecified amounts for medical expense damages,

18792225_1.docx

emotional damages, punitive damages, and attorney's fees anticipated to incur through trial, satisfied the amount in controversy required to establish diversity jurisdiction).

30. Accordingly, it is factually and facially apparent from the body of Plaintiffs' Complaint that each of Plaintiffs' claims exceeds the jurisdictional minimum.  As discussed above, numerous alternative and/or cumulative bases exist to establish that the damages sought by each plaintiff exceed the Court's jurisdictional minimum.  Because each Plaintiff's individual claims exceed this Court's jurisdictional limit and the parties are of diverse citizenship, removal is proper.

**VII.   NOTICE TO COURT AND ADVERSE PARTY**

31. Following the filing of this Notice of Removal of Civil Action, written Notice of Removal will promptly be filed with the Clerk of the Superior Court of the State of California, County of Sonoma.

**VIII.   CONCLUSION**

32. For the reasons described above, Plaintiffs' claims are properly removable under 28 U.S.C. section 1441(b).  Accordingly, Home Depot respectfully requests that the above action now pending against Home Depot in the Superior Court of the State of California, in and for the County of Sonoma, be removed therefrom to this Court.  In the event that this Court has a question regarding the propriety of this Notice of Removal of Civil Action, Home Depot respectfully requests that it issue an Order to Show Cause so that Home Depot may have an opportunity to more fully brief the Court on the basis for this removal.

DATED:  September 10, 2014

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Christian A. Hickersberger
Michael J. Sexton
James T. Conley
Christian A. Hickersberger
Attorneys for Defendants THE HOME DEPOT, INC. and HOME DEPOT U.S.A., INC.

18792225.1